# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 5:11CR00002 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **PAUL HAMPTON THOMSON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jeb T. Terrien and Grayson A. Hoffman, Assistant United States Attorneys, Harrisonburg, Virginia, for United States; John P. Flannery, II, Campbell Flannery, Leesburg, Virginia, and J. Benjamin Dick, Law Offices of J. Benjamin Dick, Charlottesville, Virginia, for Defendant.*

The defendant, Paul Hampton Thomson, is charged with obstruction of justice and drug possession. The government contends that Thomson, a lawyer, obtained cocaine from a client and obstructed justice. On March 7, 2011, a hearing was held on several pre-trial motions. This opinion more fully sets forth the reasons for the oral rulings on those motions.[1]

I

---

[1] One of the motions, Defendant Thomson's Motion for Protective Order, was denied as moot based on defense counsel's representations at the hearing.

The defendant's Motion to Dismiss the Indictment[2] for prosecutorial misconduct was denied. The basis for the Motion was the defendant's allegation that material misrepresentations were made to the grand jury. Particularly, the defendant alleged that the grand jury was incorrectly informed that Thomson did not represent Oscar Salvatierra-Jovel, that the court had appointed a shadow attorney to be Salvatierra-Jovel's "real lawyer," and that Thomson did not think he was Salvatierra-Jovel's counsel. He also alleges that the government presented false or misleading evidence about co-defendant Nanette Boden's phone number being in Salvatierra-Jovel's cell phone under the name Neil and that the government represented that a meeting was audio recorded even though it was not. Finally, Thomson alleges that the government presented false evidence to the grand jury regarding whether Boden was assisting Salvatierra-Jovel with his efforts to bring his daughter to the United States.

A defendant generally may not challenge an indictment on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. *Costello v. United States*, 350 U.S. 359, 364 (1956). However, the court has the discretion to dismiss an indictment on the basis of an error in the grand jury proceedings when the defendant shows he has been prejudiced by the irregularity. *United*

---

[2] The Indictment that was the subject of the March 7 hearing has since been superseded, but there is no indication that the Superseding Indictment would have changed the outcome of any of the motions.

*States v. Patterson*, No. 99-4192, 2000 WL 19196, at *1 (4th Cir. Jan. 12, 2000) (unpublished).

Here, the defendant has not shown that any of the alleged errors in the grand jury proceedings were prejudicial. As a preliminary matter, some of the challenged statements were not clearly false or misleading. For example, the government's witness, Agent Thomas Hickey, testified that Boden spoke to Salvatierra-Jovel about his daughter but "it went nowhere." The statement was vague, but not clearly false or misleading. Furthermore, the government maintains that the statements regarding whether Thomson was representing Salvatierra-Jovel were accurate because Thomson only represented Salvatierra-Jovel in federal court for a brief period, while a public defender represented Salvatierra-Jovel throughout the federal court proceedings. Additionally, the falsity of the statement that Thomson did not think he was representing Salvatierra-Jovel is unclear because it was in response to a compound question.

Even accepting the defendant's allegations that the statements were false, the challenged testimony was not central to the charges alleged in the indictment, and there has been no showing that the grand jurors were likely influenced by any errors in the submissions. Rather, the alleged errors were minor and were confined to collateral topics. For example, whether Boden's phone number was listed under the name Neil or under some other name was not essential to the proposition that

her number was listed in Salvatierra-Jovel's cell phone. The defendant has not shown that dismissal is appropriate.

II

The defendant's Motion in Limine to preclude inaudible and incomplete audio recordings, seeking an evidentiary pre-trial hearing, and seeking disclosure of any transcripts the government intended to offer as a guide at trial was denied, subject to certain conditions. The government was directed to provide defense counsel with transcripts of the recordings within 48 hours after the hearing. If necessary, the defendant may then request that the court determine whether the recordings are too inaudible or incomplete to be admissible.

III

The government's Motion in Limine was granted with some conditions. The government sought to exclude documents and objects that were not disclosed under the defendant's reciprocal discovery obligations of Federal Rule of Criminal Procedure 16(b)(1)(A). It also sought to exclude any evidence of and reference to the circumstances surrounding the prosecution's ex parte contact with the court regarding the defendant's representation of Salvatierra-Jovel, which circumstances were the subject of an earlier Motion to Dismiss by the defendant. The government

argued that that evidence was inadmissible because it was irrelevant under Federal Rule of Evidence 402, it was hearsay under Federal Rule of Evidence 802, and its probative value was outweighed by the considerations of Federal Rule of Evidence 403.

With regard to the defendant's reciprocal discovery obligations, defense counsel represented at the hearing that he would disclose to the government any documents or objects he plans to use at trial.

As far as the circumstances which were the subject of the earlier Motion to Dismiss, defense counsel assured the court that no effort will be made to introduce or reference any of those matters without first requesting leave of court out of the presence of the jury.

IV

The defendant's Motion to Dismiss three counts of the Indictment for insufficiency of the evidence was denied. The defendant argued that, considering the charges and the discovery that has been made available to the defendant, the government could not prove that criminal obstruction had occurred. Generally, a defendant may not challenge the indictment on the basis that the charge is not supported by adequate evidence. *See Costello*, 350 U.S. at 364. Such a motion is available only where the government has stipulated to the evidence that it would

present at trial as to one of the essential elements of the case. *See United States v. Jones*, 117 F. Supp. 2d 551, 553 (W.D. Va. 2000) (considering a motion to dismiss only because the government stipulated to its complete evidence in chief). Here, the facts are contested, and the government has not stipulated to the complete evidence it plans to present. Until the government has presented its case in chief, it is impossible to know what evidence the government might offer to prove the charges and whether that evidence will be sufficient. It would, therefore, be inappropriate to determine the sufficiency of the evidence at this time.

The defendant also filed a Motion to Sever the trial of Thomson's co-defendant, Nannette Boden. The motion was denied and is now moot, given that Boden later pled guilty.

V

The defendant's Motion in Limine to exclude similar act evidence, particularly evidence of the defendant's drug use, was denied. Under Federal Rule of Evidence 404(b), the government is permitted to introduce evidence of similar acts for certain purposes, such as proof of motive. Moreover, evidence that the defendant had a substance abuse problem is likely intrinsically relevant to the charge of illegal drug possession. At this point, I cannot find that such evidence would be unduly prejudicial.

## VI

The government's Motion to preclude further disclosure of grand jury material was granted. Federal Rule of Criminal Procedure 6(e) disallows disclosure of grand jury proceedings by the attorneys for the government to the defendant or his counsel without authorization from the court. Here, the United States Attorney's Office disclosed grand jury testimony to Thomson and his attorney without first receiving an order from the court authorizing such disclosure. Subsequently, Thomson filed motions to which portions of the grand jury transcript were attached. The documents were not filed under seal. The government should have obtained permission from the court to disclose the material. Had it requested authorization, I would have permitted it, but probably on the condition that the defense keep the materials confidential unless used at trial as relevant and admissible evidence.

Without such an order, the defense did not act improperly. Federal Rule of Criminal Procedure 6(e)(6) requires grand jury materials to be kept under seal to the extent necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury. However, Rule 6 states that the obligation of secrecy only applies to those persons listed in Rule 6(e)(2). Neither Thomson nor Thomson's attorney is such a person. The obligation to file under seal is merely a subcategory

of the obligation of secrecy, so Thomson did not violate the rule because he is not subject to it. *See In re: Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007) (explaining that Rule 6 prohibits disclosure of matters occurring before the grand jury per Rule 6 (e)(2) "*and thus*" requires that grand jury materials be kept under seal) (italics added); *see also In re Search Warrant for Nw. EnviroServices, Inc.*, 736 F. Supp. 238, 239 (W.D. Wash. 1989) (rejecting an argument that Rule 6(e)(6) broadens the grand jury secrecy provisions of Rule 6(e)(2) because it covers matters "relating to grand jury proceedings").

Although Thomson did not violate Rule 6 or a pre-existing court order by his previous disclosure of some grand jury material, he was directed at the hearing not to disclose grand jury material going forward without leave of court.

VII

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Defendant Thomson's Motion for Protective Order (ECF No. 81) is DENIED as moot;

2. Defendant Thomson's Motion to Dismiss (ECF No. 87) is DENIED;

3. The defendant's Motion in Limine (EFC No. 88) is DENIED, but the government is ordered to provide the relevant transcripts to the defendant

within 48 hours at which time the defendant may request review of the recordings;

4. The government's Motion in Limine (ECF No. 90) is GRANTED as follows: (1) if the defendant seeks to introduce or refer to any of the circumstances referred to in the motion before the jury, he must first seek leave of court outside the presence of the jury; and (2) documents and objects to be presented by the defendant at trial shall be excluded to the extent the defendant has not complied with his reciprocal discovery obligations under Federal Rule of Criminal Procedure 16(b)(1)(A);

5. The defendant's Motions to Dismiss Counts One through Three, to Sever Count Seven, to Sever Co-Defendant Boden (ECF No. 91) are DENIED;

6. The defendant's Motion in Limine (ECF No. 92) is DENIED; and

7. The government's Motion to Prohibit Further Disclosure (ECF No. 94) is GRANTED.

ENTER: April 13, 2011

/s/ James P. Jones
United States District Judge