# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:11CR00002 |
| v. | ) | **OPINION** |
| | ) | |
| **PAUL HAMPTON THOMSON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jeb T. Terrien and Grayson A. Hoffman, Assistant United States Attorneys, Harrisonburg, Virginia, for United States; John P. Flannery, Leesburg, Virginia, and J. Benjamin Dick, Charlottesville, Virginia, for Defendant.*

The defendant, Paul Hampton Thomson, is charged with obstruction of justice and drug possession. Thomson filed a motion seeking a court-ordered forensic psychological examination of Nanette Boden, Thomson's co-defendant, now an expected cooperating witness for the government. On June 2, 2011, a hearing was held and the motion was orally denied. This Opinion more fully sets forth the reasons for the denial.

On May 25, 2011, the defendant filed a "Motion to Permit a Forensic Psychologist to Examine and Assess Nanette Boden for Psychopathy and Sociopathy." (ECF No. 152.) Thomson contended he had received information tending to show that Boden suffers from a sociopathic personality disorder. In support of the Motion, defendant submitted the affidavit of one Alicia Robinson,

Boden's former girlfriend, along with Facebook correspondence between Robinson and Boden. Robinson's affidavit states that during their relationship, Boden habitually and extensively lied to family, friends, and co-workers. Robinson identifies three specific topics — an allegation that Boden lied to Robinson about having cancer; an allegation that Boden told Robinson her mother had been abducted; and an allegation that Boden lied to authorities as a teenager about prior sexual abuse.

Thomson also submitted the credentials and initial impressions of William E. Riebsame, Ph.D., a forensic psychologist he proposes to perform the evaluation. While conceding that a psychological opinion is generally not admissible as impeachment evidence, *see United States v. Jackson*, 576 F.2d 46, 49 (5th Cir. 1978), Thomson sought leave from this court to order the evaluation of Boden in order to "identify possible avenues of cross-examination." (Mot. to Permit Psychological Evaluation 2.)

The court has broad discretion in determining whether to order mental examinations of witnesses. *Jackson*, 576 F.2d at 48. Nevertheless, "[o]rdering a witness to undergo a psychological examination is a drastic measure," appropriate, if at all, only in extraordinary circumstances. *United States v. Russo*, 442 F.2d 498, 503 (2d Cir. 1971). In exercising this discretion, the court must consider the infringement on the witness' privacy, the opportunity for harassment, and the

possibility that an examination might deter other witnesses from coming forward. *United States v. Raineri*, 670 F.2d 702, 709 (7th Cir. 1982).

Thomson insists that these cautionary considerations are minor in this case. He argues that Boden's privacy rights would not be infringed because the information supporting his motion is of public knowledge, and Boden's evaluation would be performed by an experienced professional. The defendant is mistaken. Regardless of the basis or the qualifications of the person performing it, "a court-ordered medical examination is an infringement on a witness' privacy." *Jackson*, 576 F.2d at 49. It is the forced examination itself that serves as a tool for harassment and threatens to deter others from cooperating with government investigation. *Id.* As such, concerns regarding Boden's privacy rights continue in force.

The defendant also claims that a court-ordered examination is appropriate here because it would assist the defense in identifying potential avenues for cross-examination. In support of this argument, he cites *United States v. Roach*:

> Perhaps a defendant might assert a colorable claim for a court-ordered examination on the different theory that it is necessary in aid of his defense, as to assist in challenging the credibility of the witness before the jury. In *Jackson* . . . we proscribed the introduction of psychiatric opinion for impeachment purposes as an invasion of the jury's province. Certainly, however, a psychiatric examination might prove useful in uncovering avenues by which a skillful cross-examiner might reveal a severely troubled witness' unreliability in distinguishing truth from fantasy.

590 F.2d 181, 186 n.9 (5th Cir. 1979).

While the defendant finds some support for his position in the *Roach* footnote, that support is weak at best. This footnote is an obvious outlier that substantially contradicts the majority of the case law, as well as its own holding. *See id.* at 186 ("[T]here seems no longer to be any occasion for judicially-ordered psychiatric examinations or competency hearings of witnesses."); *see also United States v. Roebuck*, 334 F. Supp. 2d 833, 834 (D.V.I. 2004) (granting a motion to compel psychiatric evaluation is "neither frequent nor common, and never lightly undertaken") (internal quotation marks and citation omitted)). Thomson has failed to adequately articulate why such an examination is necessary to uncover suitable subjects for Boden's cross-examination. *Roach,* 590 F.2d at 186 n.9. Without such a showing, I have no cause to suppose that traditional methods of investigating a witness would be inadequate in Boden's case.

Furthermore, I note that mental impairment is not a ground that renders a person incompetent as a witness, *United States v. Lightly*, 677 F.2d 1027, 1028 (4th Cir. 1982), and the use of psychiatric testimony to attack a witness' credibility is generally disfavored, *United States v. Provenzano*, 688 F.2d 194, 204 (3d Cir. 1982). Whether or not Boden has a personality disorder, she is competent to be a witness. *Jackson*, 576 F.2d at 48-49.

Because the defendant failed to sufficiently justify why this court should disregard Boden's privacy interests in pursuit of potential subjects of cross-examination, the defendant's motion was denied.

DATED: June 24, 2011

/s/ James P. Jones
United States District Judge