# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:11CR00002 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| PAUL HAMPTON THOMSON, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jeb T. Terrien and Grayson A. Hoffman, Assistant United States Attorneys, Harrisonburg, Virginia, for United States; John P. Flannery, Leesburg, Virginia, and J. Benjamin Dick, Charlottesville, Virginia, for Defendant.*

In anticipation of the upcoming jury trial in this criminal case, an issue has arisen as to the proper scope of impeachment of an expected government witness, Nanette Boden. This Opinion and Order constitutes the court's in limine rulings on this issue.[1]

The defendant Paul Hampton Thomson is charged with obstruction of justice and drug possession. His codefendant, Nanette Boden, has pleaded guilty and is expected to be a government witness at Thomson's trial. In a previous motion, Thomson sought a court-ordered psychological examination of Boden, contending that Boden suffers from a sociopathic personality disorder. Supporting the motion,

---

[1] This issue arose at the final pretrial conference and at the court's direction, the parties have briefed it.

Thomson attached an affidavit of Boden's ex-girlfriend, Alicia Robinson, cataloguing a series of elaborate lies Boden allegedly made during their relationship some ten years ago.[2] While I denied Thomson's motion for the examination, the present issue is whether Thomson's counsel can cross-examine Boden about these allegations and whether Robinson can testify about them in accord with her affidavit.

The government requests that the defendant be precluded from any mention of these allegations, in light of their age and lack of relationship to the present charges. The defendant, to the contrary, contends that he should be able to cross-examine Boden about her claimed past lies, and if she denies them, present extrinsic evidence about them.

The government claims that Federal Rule of Evidence 608 governs this evidence. Rule 608(a) provides that the credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but that such evidence is limited to character for truthfulness or untruthfulness. Rule 608(b) addresses the admissibility of specific instances of the witness's conduct. While a witness may be cross-examined about specific instances of conduct, this conduct must be

---

[2] In particular, Robinson claims that (1) Boden pretended to have a cancerous brain tumor in order to manipulate their romantic relationship; (2) Boden falsely told her that her mother, Lanelle Hockman, was an attorney who had been abducted by criminals because of her zeal as a prosecutor, when in fact Hockman was a court reporter who had not been abducted; and (3) Boden admitted to her that she had lied in court when she had been a teenager in order to cover up her stepfather's sexual abuse.

"clearly probative of truthfulness or untruthfulness." *United States v. Leake*, 642 F.2d 715, 718 (4th Cir. 1981) (internal quotation marks and citations omitted). Moreover, the opposing party may not prove the conduct with the use of extrinsic evidence. Fed. R. Evid. 608(b).

The defendant counters that Rule 613(b) controls, which provides by negative implication that extrinsic evidence is admissible to support the admission of a witness' prior inconsistent statement, provided the witness is afforded an opportunity to admit or deny the statement and the opposing party is afforded an opportunity to also interrogate. Fed. R. Evid. 613(b). The defendant's argument appears thus that if Boden denies these prior alleged lies, the defendant should be able to present extrinsic evidence through the testimony of Robinson or otherwise, that that she did, in fact, make these statements.

Based on the record before me, I find that the defendant should be permitted to cross-examine Boden about these alleged lies, in order to seek to impeach her credibility. Robinson's affidavit allows Thomson's counsel a good faith belief that such cross-examination would produce evidence showing that Boden had made false statements about important matters in the past, information that might reasonably assist the jury in making a judgment about Boden's credibility as to the issues in this case. On the other hand, I find that extrinsic evidence concerning these matters is not admissible.

A "principled distinction" differentiates the two evidentiary rules cited by the parties:

> Rule 613(b) applies when two statements, one made at trial and one made previously, are irreconcilably at odds. In such an event, the cross-examiner is permitted to show the discrepancy by extrinsic evidence if necessary — not to demonstrate which of the two is true but, rather, to show that the two do not jibe (thus calling the declarant's credibility into question). In short, comparison and contradiction are the hallmarks of Rule 613(b) . . . .
>
> In contrast, Rule 608(b) addresses situations in which a witness's prior activity, whether exemplified by conduct or by a statement, in and of itself casts significant doubt upon [her] veracity. Thus, Rule 608(b) applies to, and bars the introduction of extrinsic evidence of specific instances of a witness's *misconduct* if offered to impugn [her] credibility. So viewed, Rule 608(b) applies to a statement, as long as the statement in and of itself stands as an independent means of impeachment without any need to compare it to contradictory trial testimony.

*United States v. Winchenbach*, 197 F.3d 548, 558 (1st Cir. 1999) (internal citations omitted).

This distinction is to be applied here. Any prior statements by Boden about the events in this case that are inconsistent with her trial testimony would likely fall within Rule 613(b). The allegations contained in the Robinson affidavit are, by contrast, independent of impeachment value. As such, Rule 608(b) governs the acts alleged in the Robinson affidavit, and the defendant may not seek to support these allegations with extrinsic evidence. While the defendant may inquire into

these allegations on cross-examination, he is bound by Boden's responses. *United States v. Bynum*, 3 F.3d 769, 772 (4th Cir. 1993).

Moreover, Rule 403 requires me to balance all evidence's probative value against the dangers of unfair prejudice, confusion, delay, waste of time, and needless presentation. Fed. R. Evid. 403. To allow Robinson's testimony, or other extrinsic evidence as to her allegations, would present all of these dangers and redirect the trial from its proper bounds. *See Bynum*, 3 F.3d at 772.

Accordingly, defense counsel will be permitted to cross-examine Boden about the alleged falsehoods specifically described in the Robinson affidavit, but is not permitted to introduce or otherwise refer to any extrinsic evidence supporting those allegations.[3]

It is so **ORDERED**.

ENTER: June 24, 2011

/s/ James P. Jones
United States District Judge

---

[3] In addition, of course, such cross-examination about these allegations must be limited to asking the witness if she in fact lied as described in the affidavit. The affidavit also contains other descriptions which would be inadmissible as irrelevant.